UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ELTON HOOPER, JR., | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-1853-RLW |
| MARK ESPER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Elton Hooper, Jr.'s motion for leave to proceed in forma pauperis. Having reviewed plaintiff's motion and financial affidavit, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee, so this motion will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). On initial review under 28 U.S.C. § 1915(e), however, the Court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will allow plaintiff to file an amended complaint.

### Legal Standard on Initial Review

The Court is required to review the factual and legal allegations of a complaint filed in forma pauperis, and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA") against the United States Secretary of Defense, Mark T. Esper. Plaintiff alleges discrimination based on race, color, and age. Plaintiff worked as an Information Technology Specialist at the Agency's U.S. Army Human Resources Command ("HRC") in St. Louis, Missouri. He alleges that on August 10, 2010, the Army did not offer the job swap program to HRC employees and did not give HRC employees the opportunity to accept a $25,000 Voluntary Separation Incentive Payout ("VSIP"). He alleges employees of the Army Review Board Agency were given this opportunity.

Plaintiff seeks to represent a class of all employees of the HRC who were not offered the job swap program and were denied the $25,000 VSIP. Other than asking to represent a class, plaintiff does not state the relief he seeks through this employment action.

## Discussion

As a threshold matter, plaintiff seeks to represent a class of individuals who were not offered the job swap program and not given the opportunity to accept the $25,000 VSIP. Despite his desire to represent others, because plaintiff is proceeding pro se, he cannot represent a class of individuals. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se"). Moreover, under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Plaintiff has made no showing that he would fairly and adequately protect the interests a class.

Turning to the merits of his allegations, in order to establish a prima facie case under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, a plaintiff must show: (1) he is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Plaintiff does not allege any incidents where he was treated differently due to his age. He states only that HRC employees were not offered the job swap program and the $25,000 VSIP, while employees of the Army Review Board were. Plaintiff makes no allegations regarding the age of HRC employees versus Army Review Board employees; and no allegations regarding age as a qualifications for the job swap program or the VSIP. For this reason, his allegations fail to state a claim for age discrimination and will be dismissed on initial review.

Likewise none of plaintiff's allegations, accepted as true, are sufficient to state a claim that plaintiff was discriminated against on the basis of his race or color under Title VII of the Civil Rights Act. 42 U.S.C. § 2000e-2(a). Again, plaintiff's complaint is that the HRC employees were not offered the job swap or the VSIP. Plaintiff never states any facts to support his allegations of disparate treatment based on his race or color. For example, he does not allege that employees of the Army Review Board Agency, who were offered the job swap and VSIP, were of a different race or color. The complaint is void of any allegations that similarly situated employees of a different race or color were treated more favorably. For this reason, plaintiff's Title VII allegations fail to state a claim for employment discrimination and will be dismissed on initial review.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost*

*Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will order the Clerk to provide plaintiff with a form complaint for employment discrimination. If plaintiff seeks to bring a Title VII or ADEA claim, he must allege facts that show he was discriminated against because of his age, race, and color. He may not simply allege that HRC employees were treated differently from Army Review Board employees. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

## Appointment of Counsel

Finally, the Court will deny plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a), the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's form employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this memorandum and order to amend his complaint in accordance with this memorandum and order. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Dated this 13th day of December, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE