UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELTON HOOPER, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19-CV-1853-RLW ) |
| MARK ESPER, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court upon review of the file following self-represented plaintiff Elton Hooper, Jr's filing of a letter dated January 12, 2020. The Court previously granted plaintiff *in forma pauperis* status and reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned plaintiff that his amended complaint would also be reviewed under 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss plaintiff's claims for failure to comply with this Court's Order and pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**Background**

Plaintiff is a self-represented litigant who brings this employment discrimination action against the United States Secretary of Defense, Mark T. Esper. Plaintiff's original complaint was filed using a Court-provided form, as required. In his complaint, plaintiff checked the boxes indicating he is bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. §§ 621, *et seq.* In the complaint, plaintiff placed check marks indicating he was discriminated against because of his race, color, and age (birth year 1951). In the space designated to describe his request for relief, plaintiff wrote that he sought to represent

a class of all employees of the Human Resources Command who were not offered the Job Swap program and were denied the opportunity to accept a $25,000 Voluntary Separation Incentive Payout ("VSIP").[1] Other than asking to represent a class, plaintiff did not state any additional relief, such as monetary damages, through this employment action.

Plaintiff worked as an Information Technology Specialist at the U.S. Army Human Resources Command ("HRC") in St. Louis, Missouri. On October 26, 2010, plaintiff filed a class complaint with the Equal Employment Opportunity Commission ("EEOC"). (Docket No. 1-3 at 2). In his EEOC class complaint, plaintiff alleged that on August 10, 2010, the Army discriminated against HRC employees "on the bases of race (black), sex (male), color (black)" for not offering the Job Swap program or VSIP, while offering both benefits were to the Army Review Board Agency.

Plaintiff's EEOC class complaint was assigned to an Administrative Law Judge ("ALJ") to have a decision rendered on class certification. On May 10, 2011, the ALJ determined plaintiff failed to meet his burden of showing his complaint met the prerequisites for a class certification under 29 C.F.R. § 1614.204(a)(2). The EEOC subsequently accepted the ALJ's recommendation and denied class certification. Plaintiff filed an appeal and on December 6, 2016 the EEOC Office of Federal Operation ("OFO") reversed and remanded plaintiff's class complaint for further processing. (Docket No. 1-3 at 61-70). The OFO ordered the EEOC to reassign the case to an ALJ and permit plaintiff "a reasonable amount of time to furnish evidence to establish that he has

---

[1] "The Voluntary Separation Incentive Payment Authority, also known as buyout authority, allows agencies that are downsizing or restructuring to offer employees lump-sum payments up to $25,000 as an incentive to voluntarily separate. When authorized by the Office of Personnel Management (OPM), an agency may offer VSIP to employees who are in surplus positions or have skills that are no longer needed in the workforce who volunteer to separate by resignation, optional retirement, or by voluntary early retirement." *See* United States OPM website, available at https://www.opm.gov/policy-data-oversight/workforce-restructuring/voluntary-separation-incentive-payments/ (last visited Mar. 26, 2020).

satisfied the adequacy of representation requirement, as set forth in 29 C.F.R. § 1614.204(a)(2)(i)." The OFO provisionally certified a class composed of black employees of the HRC who were not offered Job Swap or VSIP benefits.

On March 29, 2017, plaintiff's case was remanded to an ALJ and plaintiff "was ordered to provide the required information regarding satisfaction of the numerosity and adequacy of representation requirements no later than May 19, 2017." (Docket No. 1-3 at 3). On February 5, 2019, after receiving no filings or additional information by plaintiff, other than a notice of withdrawal of representation from plaintiff's attorney, the EEOC dismissed the case. (Docket No. 1-3 at 10-13). On March 20, 2019, the EEOC notified plaintiff of the dismissal and of his right to either file a Notice of Appeal with the EEOC as to the denial of his class action or pursue his alleged Title VII and ADEA discrimination claims by filing a lawsuit in district court. (Docket No. 1-3 at 4-6).

On June 27, 2019, plaintiff filed the instant employment discrimination action. The Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and found his allegations failed to state a claim for age discrimination under the ADEA and employment discrimination under Title VII. (Docket No. 4 at 3). This determination was made on the basis of plaintiff's failure to allege facts showing he was treated differently due to his age or was subject to disparate treatment based on his race or color. Because plaintiff is self-represented, the Court directed him to file an amended complaint to attempt to cure these pleading deficiencies with the following instructions:

> Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The Court will order the Clerk to provide plaintiff with a form complaint for employment discrimination. If plaintiff seeks to bring a Title VII or ADEA claim, he must allege facts that show he was discriminated against because of his age, race, and color. He may not simply allege that HRC employees were treated differently from Army Review Board employees. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

(Docket No. 4 at 3-4).

## Discussion

### I. Plaintiff's Failure to File an Amended Complaint

On January 12, 2020, plaintiff filed a letter to the Court with exhibits. (Docket No. 5). In the letter, plaintiff states he filed a complaint with the EEOC on September 23, 2020 after the Army did not offer the Job Swap program or VSIP to HRC employees other than non-party Bertha Washington who plaintiff alleges is an employee of the HRC. However, later in his letter, plaintiff alleges the Army "covertly" offered VSIP benefits to 175 HRC employees, in addition to Ms. Washington. Plaintiff alleges "the record will reflect that there was no standard established agency wide by the HRC Command to establish qualification requirements for Job Swap opportunities. Nor, was the Swap announced agency wide to all employees." (Docket No. 5 at 1-2). Plaintiff alleges he "was harmed when [he] was forced to involuntarily retire without the benefit of opportunity to remain employed due to the Agency's stated decision to not offer the swap." For relief, plaintiff seeks the Court to "grant [him] a 120 day relief to conduct a fair and impartial investigation of the Agency's unfair distribution of 175 DOD (Department of Defense) VSIP's," a $25,000 VSIP payment plus interest, retirement benefits, loss of thrift savings plan, and loss of years of service. (Docket No. 5 at 4).

Plaintiff's letter does not comply with this Court's December 13, 2019 Order directing him to file a form complaint and warning him that "the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned." (Docket No. 4 at 3). The letter is not accompanied by a form complaint and it has no caption, which prevents this Court from knowing the party or parties plaintiff intends to bring this action against. Because of plaintiff's non-compliance with this Court's Order, the Court will dismiss his claims.

However, even if plaintiff's letter to the Court could be construed as an amended complaint, it fails to remedy the factual deficiencies of his original complaint as to the claims he alleges under the ADEA and Title VII because his letter is completely devoid of any allegations suggesting he was not offered benefits because of his age, race, or color.

## II. Age Discrimination in Employment Act

In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) he is over 40; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D&M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Even assuming defendant's failure to offer the Job Swap program or VISP to plaintiff could constitute an adverse employment action,[2] plaintiff fails to include any facts to support he was subject to disparate treatment by defendant on the basis of his age. Specifically, plaintiff does not allege the ages of HRC employees who were not offered the Job Swap program or VISP, while also failing to allege the ages of the Army Review Board employees who were allegedly offered such benefits.

Thus, even if liberally construing plaintiff's letter as an amended complaint, his allegation of age discrimination against defendant would not survive review under 28 U.S.C. § 1915(e)(2)(B).

---

[2] As for the adverse employment action element, courts have found it "does not include an employer's refusal to grant an employee a discretionary benefit to which [plaintiff] is not automatically entitled." *Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 2033 (7th Cir. 2004); *see also Pennick ex rel. Estate of Bennett v. Brown*, 2000 WL 419985, *3 (E.D. Penn. Apr. 18, 2000) (a "buy-out program" like VISP is an "enticement to retire" and because it is not part of an employee's "normal compensation and/or retirement package" a failure to offer it is not an adverse employment action).

## III. Title VII of the Civil Rights Act of 1964

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. In order to state a claim under Title VII, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[3] burden shifting framework. *Onyiah v. St. Cloud State University*, 684 F.3d 711, 716 (8th Cir. 2012) (citation omitted). Under the framework, a plaintiff must show: (1) he is a member of a protected class; (2) he was meeting her employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.* (citation omitted).

Plaintiff's letter does not expressly allege he is a member of a protected class, although it can be fairly determined he is an African American when reviewing the record as a whole. However, plaintiff does not state any facts to support that HRC employees were denied the Job Swap program or VISP because of their race or color, or that employees of the Army Review Agency were offered those benefits and treated more favorably because of their race or color. Simply alleging one department received a benefit over another department is not enough to make plausible plaintiff's claims of unlawful discrimination. *See Adams v. Dep't of Def.*, 2017 WL 6699484, at *4 (E.D. Va. Sept. 29, 2017) (alleging a government agency denied early retirement to one department and not to another does not properly allege a claim of unlawful discrimination). This Court cannot assume facts that are not alleged. *Stone*, 364 F.3d at 914-15.

Thus, even if liberally construing plaintiff's letter as an amended complaint, his Title VII allegations against defendant would not survive review under 28 U.S.C. § 1915(e)(2)(B).

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

## IV. Entitlement to Job Swap program and $25,000 Voluntary Separation Incentive Payout

To the extent plaintiff's letter is seeking a review of the EEOC's decision to dismiss his class complaint, the Court will decline to perform such a review. The EEOC's Final Agency Action, dated March 20, 2019, informed him he could either (1) file his discrimination claims in district court; or (2) file an appeal of the denial of his class action with the EEOC. (Doc. 1-3 at 5-6). Thus, in order for plaintiff to to appeal the class action decision, he would be required to do so via the EEOC and not the district court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. §§ 621, *et seq.*, against defendant Mark Esper are **DISMISSED** for failure to comply with this Court's December 13, 2019 Order.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendant because the amended complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of March, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE