**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ELTON HOOPER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK T. ESPER, | ) |
| | ) |
| Defendant. | ) |

No. 4:19-CV-1853-RLW

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Elton Hooper Jr.'s motions to reopen case pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF Nos. 9, 14). For the reasons discussed below, the motions will be denied.

### Background

On June 27, 2019, Plaintiff, a self-represented litigant, filed an employment discrimination action on a Court-provided form against the United States Secretary of Defense, Mark T. Esper. (ECF No. 1). In his complaint, Plaintiff checked the boxes indicating he was bringing the lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. §§ 621, *et seq.*

On December 13, 2019, the Court reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and found his allegations failed to state a claim for age discrimination under the ADEA and employment discrimination under Title VII. (ECF No. 4 at 3). Plaintiff's Complaint alleged he worked as an Information Technology Specialist at the U.S. Army Human Resources

Command ("HRC") in St. Louis, Missouri. Plaintiff alleged that on August 10, 2010, the Army did not offer a job swap program to HRC employees and did not give HRC employees the opportunity to accept a $25,000 Voluntary Separation Incentive Payout ("VSIP"). He alleged that employees of the Army Review Board Agency were given this opportunity. Plaintiff sought to represent a class of all employees of the HRC who were not offered the job swap program and were denied the $25,000 VSIP. Other than asking to represent a class, Plaintiff did not state the relief he sought through this employment action. (ECF No. 4 at 2).

The Court stated that Plaintiff as a self-represented person could not represent a class (id.), and his Complaint failed to allege any facts showing he was treated differently due to his age or was subjected to disparate treatment based on his race or color. (Id. at 3.) The Court further stated, "If plaintiff seeks to bring a Title VII or ADEA claim, he must allege facts that show he was discriminated against because of his age, race, and color. He may not simply allege that HRC employees were treated differently from Army Review Board employees." (Id. at 4.)

Because Plaintiff was self-represented, the Court directed him to file an amended complaint on a Court-provided form to attempt to cure the pleading deficiencies with the following instructions:

> Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). The Court will order the Clerk to provide plaintiff with a form complaint for employment discrimination. If plaintiff seeks to bring a Title VII or ADEA claim, he must allege facts that show he was discriminated against because of his age, race, and color. He may not simply allege that HRC employees were treated differently from Army Review Board employees. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

(ECF No. 4 at 3-4) (emphases added).

2

In response, Plaintiff did not file an amended complaint on Court-provided form or a motion for an extension to file an amended complaint. Instead, Plaintiff filed a four-page letter to the Court titled "Amendment" dated January 12, 2020, together with fifty-eight (58) pages of exhibits. (ECF No. 5.) The letter did not include a case caption or the names of parties, but rather argued the merits of Plaintiff's case with respect to the job swap and VSIP denials. The letter did not include the terms "race," "color," or "age." For the relief he sought, Plaintiff stated, "The Agency (HRC-STL) has violated the Army principle in its illegal implementation of the DOD, BRAC (Base Realignment Closure) action, VSIP and Swap rules and regulations. Therefore, I respectfully request that the court will grant me a 120 day relief to conduct a fair and impartial investigation of the Agency's unfair distribution of 175 DOD (Department of Defense) VSIP's." (ECF No. 5 at 4.)

On March 26, 2020, the Court dismissed Plaintiff's case without prejudice for two reasons: (1) Plaintiff's letter did not comply with the Court's December 13, 2019 Order directing him to file an amended complaint on a Court-provided form; and (2) even if Plaintiff's letter to the Court was construed as an amended complaint, it failed to remedy the factual deficiencies of his original complaint as to the claims he alleged under the ADEA and Title VII, because his letter was completely devoid of any allegations suggesting he was discriminated against because of his age, race, or color. (ECF No. 6.)

## Post-Judgment Motions

On April 24, 2020, Plaintiff, through counsel, filed a motion to reopen the case (ECF No. 9) and a memorandum in support thereof (ECF No. 8). The memorandum in support was stricken from the record because it was incorrectly docketed and was not signed by counsel. See E.D. Mo. L.R. 2.01(A)(1). The Court directed Plaintiff's counsel, Celestine Dotson, to file an entry of

3

appearance if she intended to represent Plaintiff in this matter and to refile a signed memorandum in support. (ECF No. 10.) On April 28, 2020, Ms. Dotson filed her entry of appearance (ECF No 11) and refiled the motion to reopen the case (ECF No. 14) with two memoranda in support of her original motion (ECF Nos. 12, 13). Because the first and second motions to reopen this case are identical, the Court will deny the second, duplicative motion as moot.

Plaintiff moves the Court to "reinstate" the instant case pursuant to Rule 60(b)(6) for the following reasons:

1. The Court, in its order, acknowledges that the plaintiff, Mr. Hooper is pro se. Pro [s]e litigants are normally ill-equipped to pursue nuanced civil litigation with sufficient competency to satisfy a Federal standard.

2. Mr. Hooper, acknowledging his lack of preparedness for the task attempted to obtain an extension by way of written correspondence on January 12, 2020. During the ensuing time, he sought to retain counsel for his case.

3. Unfortunately, given the limitations put on his abilities due to the current pandemic and his financial resources, he was unable to secure counsel before this Court dismissed his action on March 26, 2020.

4. However, Rule 60b allows a court wide discretion in granting of such motions when the reason justifies relief and the motion is filed within a reasonable time.

5. Here, the plaintiff's reasons for relief are justifiable because: he has obtained counsel competent to pursue his meritorious claims, his difficulty in securing counsel was impacted by circumstances outside his control and finally, the basis for this Court's dismissal can be easily addressed without prejudice to the defendant.

(ECF No. 9.)

## Rule 60(b)[1]

Rule 60(b) provides that a court may grant relief from a judgment for the following specified grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

---

[1]The Court cannot construe Plaintiff's post-judgment motions as being filed under Rule 59(e), Fed. R. Civ. P., because they are untimely under that rule. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) ("Rule 59(e)'s 28-day time limit may not be extended.").

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60.

A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000); *Richards v. Aramark Sesrvs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotations and citations omitted). Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). The plaintiff "must establish [his] right to such relief by clear and convincing evidence." *Stokors S.A. v. Morrison*, 147 F.3d 759, 761 (8th Cir. 1998) (quoting *United States v. Denham*, 817 F.2d 1307, 1309 (8th Cir. 1987)). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984).

Plaintiff's motion is based solely on subsection (6) of Rule 60(b), which is a catchall provision authorizing relief for "any other reason that justifies relief." Under Rule 60(b)(6), relief is only available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

In the instant motion, Plaintiff acknowledges the Court directed him to file an amended complaint within thirty (30) days of December 13, 2019. Contrary to the Court's Order, Plaintiff filed a letter dated January 12, 2020, with numerous exhibits, which he titled as an "Amendment"

5

and in which he argued the merits of his case. The Amendment neither requested an extension of time to file an amended complaint for the purpose of retaining counsel nor did it inform the Court that he desired to retain counsel but was faced with difficulties. To the contrary, the letter argued the merits of his case and concluded with a vague request for "120 day relief" so that he could personally "conduct a fair and impartial investigation."

The Court has carefully considered Plaintiff's motion to reopen the case and has determined that it will be denied. Plaintiff's argument that "[p]ro [s]e litigants are normally ill-equipped to pursue nuanced civil litigation with sufficient competency to satisfy a Federal standard" fails. A "plaintiff['s] pro se status . . . does not qualify for relief under Rule 60(b)." *Meriwether v. City of Velda City Police Dep't*, 2014 WL 655577, at \*2 (E.D. Mo. Feb. 20, 2014). Despite any difficulty Plaintiff may have had in securing legal representation, it was his burden to prosecute the case he filed, with or without counsel, and to comply with the Court's Order. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) ("[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made. A party remains under a duty to take legal steps to protect his own interests."); *see also Brown v. Patrick*, 2009 WL 8654547, at \*1 (E.D. Va. Apr. 20, 2009), *aff'd*, 352 F. App'x 818 (4th Cir. 2009) (Rule 60(b) is not a device that can be used for a party to "re-litigate the matter with counsel."). Plaintiff was provided with thirty (30) days to file an amended complaint and the Court's Order clearly informed Plaintiff that if he failed to timely file his amended complaint, his action would be dismissed without prejudice. (ECF No. 4 at 3-4.) At no time prior to the deadline for filing his amended complaint did Plaintiff file a motion for extension of time for the purpose of seeking legal representation.

6

Plaintiff's desire to continue litigating this closed case so that he might advance additional or different arguments is not grounds for relief under Rule 60(b). *See Terra Int'l, Inc. v. Robinson*, 113 F. App'x 723, 725 (8th Cir. 2004) ("Rule 60(b) is 'not a vehicle for simple reargument on the merits.' . . . [A] Rule 60(b) motion is not for the purpose of 'reargu[ing], *somewhat more fully*, the merits of [a] claim.'") (quoting *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999)); *B.M. ex rel. Miller v. S. Callaway R–II Sch. Dist.*, 2012 WL 5818001, at *2 (W.D. Mo. Nov. 15, 2012) ("[A] motion to reconsider cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment.") (quotation omitted). The Court's review of Plaintiff's proposed amended complaint evidences his attempt to relitigate the merits of his claims, which is not a permissible reason to grant a Rule 60(b)(6) motion to reopen a case.

Finally, Plaintiff's argument that the "current pandemic" should be the basis for relief under Rule 60(b) is not well taken. The Court ordered Plaintiff to file an amended complaint within thirty (30) days of December 13, 2020, or no later than January 12, 2020. This deadline was approximately two months prior to any State of Missouri or City of St. Louis stay-at-home orders or shutdowns due to the COVID-19 pandemic.

None of the reasons Plaintiff offers amount to a showing of "exceptional circumstances" which "have denied [Plaintiff] a full and fair opportunity to litigate his claim and have prevented [him] from receiving adequate redress," sufficient to relief pursuant to Rule 60(b)(6), Fed. R. Civ. P. *See Harley*, 413 F.3d at 871 (standard for relief under Rule 60(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first motion to reopen case (ECF No. 9) is **DENIED.**

7

**IT IS FURTHER ORDERED** that Plaintiff's second motion to reopen case (ECF No. 14)

is **DENIED as moot.**

Dated this ___/ST___ day of May, 2020.


_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

8